Chicago Cold Storage Warehouse Company et al. v. The People of the State of Illinois, ex rel. William R. Stirling et al.

#### Gen. No. 12,424.

1. ORDINANCE—*what looked to in determining validity of.* In passing upon the validity of an ordinance regard must be had to the substance rather than to the form, to the purpose and intention of the council as

180 APPELLATE COURTS OF ILLINOIS.

VOL. 127.] Chicago Cold Storage Warehouse Co. v. The People.

the same appear in the ordinance, rather than to the language of any particular clause or phrase.

2. STREET—*ordinance granting private interest in, invalid.* An ordinance which gives to a private corporation the exclusive use of a portion of a public street is void.

*Mandamus* proceeding. Error to the Circuit Court of Cook County; the Hon. Thomas G. Windes, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Affirmed. Opinion filed May 29, 1906.

WILLIAM D. BARGE, for plaintiffs in error; EDGAR BRONSON TOLMAN, Corporation Counsel, of counsel.

GEORGE H. KARCHER, for defendants in error; MAX M. GROSSMAN, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

This is a writ of error to reverse a judgment awarding a peremptory writ of *mandamus* against the Chicago Cold Storage Warehouse Company, a corporation, city of Chicago, a municipal corporation, Frederick W. Blocki, commissioner of public works, and Michael J. Dougherty, superintendent of streets and alleys, of said city of Chicago, ordering them to remove a certain wooden platform constructed and maintained upon a certain public sidewalk in Indiana avenue, in Chicago.

The pleadings consist of an amended petition; an answer of the respondents thereto; a "relator's replication to amended answer," concluding to the country, filed November 1, 1904, and a second "replication to amended answer," filed November 7, 1904, beginning with the formal beginning and ending with the formal ending of a general replication in chancery.

Section 4 of the statute relating to *mandamus* is as follows: "The petitioner may plead to or traverse any or all of the material facts contained in the answer, or demur thereto, to which the defendant shall reply, take issue or demur, and like proceedings shall be had as in other cases at law." No question of pleading has been made, and we will proceed to consider the question that has been argued

by counsel—the validity of the ordinance of the city of Chicago authorizing the respondent, Chicago Cold Storage Warehouse Company, to erect and maintain the platform which the writ the Circuit Court ordered to issue commands the respondents to remove. The first section of said ordinance is as follows:

"Sec. 1. That permission and authority be, and are, hereby granted the Chicago Cold Storage Warehouse Company, its successors and assigns, to build and maintain a platform or bulkhead in front of the premises numbers 1526 to 1532 Indiana avenue. The said platform or bulkhead shall be elevated above the remainder of the sidewalk two feet and ten inches, more or less, and shall be fourteen feet in width, more or less, for a distance of seventy-four feet, commencing at a point eleven feet north of the southeast corner of the building on said premises, for the purpose of affording to the public a thoroughfare on the Indiana avenue front of said building, and at the same time allow the shipping and delivering of goods from the said building without skids by said Chicago Cold Storage Warehouse Company. Said platform or bulkhead shall be constructed according to plans approved by the Commissioner of Public Works of the City of Chicago, a copy of which said plans shall be kept on file in the office of the Commissioner of Public Works, and said platform or bulkhead shall be constructed in a safe and workmanlike manner, under the supervision and to the satisfaction of the Commissioner of Public Works. The grantee herein shall not in any manner change said platform or bulkhead without a permit from the Commissioner of Public Works, and shall at all times keep the same in thorough repair and condition, safe for public travel, and shall so conduct its business of shipping and receiving goods from and to said premises without the use of skids that there shall be as little interference with public travel on said Indiana avenue in front of said premises as possible. The grantee shall display and maintain a sign at each end of such structure, on which shall be inscribed in letters of sufficient size the words, 'Public Sidewalk.'"

Other sections of the ordinance provide that the authority so given shall cease at the end of ten years or sooner, at the discretion of the mayor; that the grantee shall pay the city as compensation for the privilege thereby granted

182    Appellate Courts of Illinois.

Vol. 127.] Chicago Cold Storage Warehouse Co. v. The People.

$153.40 per year; that "said platform or bulkhead shall be considered the sidewalk in front of said premises, and shall be subject to all ordinances now in force or hereafter to be in force relating to the use and occupation of sidewalks in Chicago," and that the grantee shall give to the city a bond in the sum of $10,000 to indemnify the city against damage, etc. The grantee accepted the ordinance and gave the bond before it erected the platform.

There is no dispute as to the material facts in the case. Indiana avenue is a public street of the city of Chicago extending south from 12th street. East of this avenue from 12th nearly to 16th street are the grounds of the Illinois Central Railroad Company. Most of the west side of the street north of 16th is occupied for business purposes. South of 16th street until recently were residences, but in the first two blocks there are now business houses, and the district may be said to be changing from a residence to a business district. The sidewalk space—from the lot line to the curb—on the west side of Indiana avenue from 16th street north, is fourteen feet wide, and stone or cement sidewalks were laid in the space before the passage of the ordinance, on the same level, but of different widths. The walk in front of the premises of the Chicago Cold Storage Warehouse Company, mentioned in the ordinance, was a cement walk fourteen feet wide. On this cement walk was constructed a permanent plank platform sixty-four feet long, fourteen feet wide, three and one-half feet high, covering the entire width of the sidewalk from lot line to curb. The platform is on a level with the bed or platform of a wagon, and goods for the warehouse are unloaded from wagons onto the platform, and goods from the warehouse are loaded from the platform into wagons. The platform is reached from the sidewalk at either end by five steps at one end and six at the other. Very large quantities of apples, eggs, and other articles are taken into and out from said warehouse over this platform.

It is conceded by plaintiffs in error that it is not within the power of any municipality in this State to give any

person the exclusive right to use any part of a street permanently, but it is said that a city may readjust the plane of its sidewalks to meet new needs and conditions; that this is all that was attempted to be done by this ordinance, and therefore the city was clearly within its corporate powers in passing the ordinance. No doubt the city has the power to establish the grade and level of a sidewalk and to alter and change such grade and level, "to meet new needs and conditions", provided the need is a public and not a mere private need, the condition one in which a change is demanded by considerations of public benefit and public interest, and not one where a change is made to further and advance a mere private interest to the detriment of the interest of the general public. But this ordinance does not establish the grade or level of the sidewalk on the west side of Indiana avenue in the vicinity of the premises described therein. It assumes that there is in front of said premises, and north and south of said premises, a sidewalk. It provides that said warehouse company may, upon complying with the conditions therein described, construct in front of its premises "a platform or bulkhead; that said platform shall be elevated above the remainder of the sidewalk" a certain distance; that at the expiration of the term therein granted said "platform or bulkhead shall be removed by said grantee * * * and if so removed the sidewalk shall be restored to its proper level."

It is true that the ordinance provides that said platform shall be considered the sidewalk in front of said premises, and that signs with the words "Public Sidewalk" shall be displayed at each end of such structure. But in passing upon the validity of the ordinance regard must be had to the substance rather than to the form, to the purpose and intention of the council as the same appear in the ordinance, rather than to the language of any particular clause or phrase. Looking to the substance of this ordinance, to the object sought to be attained, to the interest sought to be benefited, to the intention of the council, as the same appear in the terms and provisions of the ordinance, and it

must, in our opinion, be held in effect to grant to said warehouse company the right to construct and maintain upon a public sidewalk in a public street a structure for the private use and benefit of said warehouse company, which structure serves no public use, but on the contrary interferes in a substantial manner with the use of such sidewalk by the public, and therefore must be held to be invalid. It is not a sufficient answer to say that the sidewalk is not wholly obstructed by the platform in question; that persons desiring to pass in front of said premises may leave the sidewalk at one end of such platform, go up five or six steps, pass over and along the platform, and at the other end go down five or six steps to the sidewalk. It is sufficient that it appears that the ordinance was passed in the interest of the warehouse company, that it grants to that company, to further and advance a mere private interest, a right not given to other property owners on said street, and that its effect is to interfere in a substantial manner with the right of the public to the free and unobstructed use of a sidewalk, which is in and a part of a public street.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*